IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RCA TRADE CENTER INC.; MP UNIT 21, LLC, | ) ) | CIV. NO. 24-00074 HG-WRP |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCHULTE BUILDING SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER GRANTING DEFENDANT SCHULTE BUILDING SYSTEMS, INC.'S MOTION TO COMPEL ARBITRATION (ECF No. 37) AND STAYING THE CASE

Plaintiff RCA Trade Center, Inc. and Plaintiff MP Unit 21, LLC are the owners of adjoining sets of four agricultural lots on the North Shore of Oahu.  The lots are part of a larger development project called the Marconi Point Condominium Project.

Plaintiffs assert that Makai Ranch, LLC, a related entity that shares common ownership with Plaintiffs, contracted with an entity named Rhino Steel Buildings Systems, Inc.  The contract was for the purchase of eight steel buildings to be placed on each of the eight agricultural lots.

The Parties do not dispute that Defendant Schulte Building Systems, Inc. manufactured the steel building components.

Plaintiffs RCA Trade Center, Inc. and Plaintiff MP Unit 21, LLC claim that the steel buildings are defective as some of the components have corroded due to the proximity to the ocean.

1

Plaintiff RCA Trade Center, Inc. and Plaintiff MP Unit 21, LLC seek to sue Defendant Schulte Building Systems, Inc. relating to the contract for the buildings entered into between Makai Ranch, LLC and Rhino Steel Building Systems, Inc.

Plaintiffs RCA Trade Center, Inc. and Plaintiff MP Unit 21, LLC acknowledge that they have the same beneficiaries and common ownership with Makai Ranch, LLC, which is currently engaged in an arbitration concerning the contract for the steel buildings with Rhino Steel Building Systems, Inc.

Plaintiff RCA Trade Center, Inc. and Plaintiff MP Unit 21, LLC argue that they are not subject to the arbitration because they did not sign the contract between Makai Ranch, LLC and Rhino Steel Building Systems, Inc.

Defendant Schulte Building Systems, Inc. argues that the Court should either (1) dismiss the case; (2) compel the Parties to arbitration pursuant to the contract; or (3) stay the case pending the resolution of the arbitration between Makai Ranch, LLC and Rhino Steel Building Systems, Inc.

The Court finds that Plaintiffs' Complaint (ECF No. 1) is subject to arbitration.

Plaintiff RCA Trade Center, Inc., Plaintiff MP Unit 21, LLC, and Defendant Schulte Building Systems, Inc. are **COMPELLED TO ARBITRATION.**

Proceedings are **STAYED** pending resolution of the arbitration.

## **PROCEDURAL HISTORY**

On February 16, 2024, Plaintiffs filed the Complaint.  (ECF No. 1).

On April 5, 2024, Plaintiffs filed a Motion to Disqualify Counsel for Defendant Schulte Building Systems, Inc.  (ECF No. 19).

On May 31, 2024, the Magistrate Judge issued an ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL FOR DEFENDANT SCHULTE BUILDING SYSTEMS, INC.  (ECF No. 28).

On November 19, 2024, Defendant filed a Motion to Dismiss or in the alternative Motion to Stay Pending Arbitration.  (ECF No. 36).

On November 25, 2024, Defendant filed an Amended Motion to Dismiss or in the alternative Motion to Stay Pending Arbitration. (ECF No. 37).

On November 26, 2024, Defendant withdrew its November 19, 2024 Motion.  (ECF No. 38).

Also on November 26, 2024, the Court issued a briefing schedule.  (ECF No. 39).

On January 7, 2025, Plaintiffs filed their Opposition.  (ECF No. 44).

On January 21, 2025, Defendant filed its Reply.  (ECF No. 45).

On February 5, 2025, the Court issued a Minute Order

requesting briefing on subject-matter jurisdiction and Fed. R.
Civ. P. 19, to clarify Plaintiffs' citizenship and the details of
ownership and issues with non-parties Makai Ranch, LLC and Rhino
Steel Building Systems, Inc.  (ECF No. 46).

On March 5, 2025, Plaintiffs filed their Response.  (ECF No.
47).

On March 19, 2025, Defendant filed its Response.  (ECF No.
48).

The Court elects to decide the matter without a hearing
pursuant to District of Hawaii Local Rule 7.1(c).

## BACKGROUND

**NAMED PARTIES**:

**Plaintiff RCA Trade Center, Inc.** is a Hawaii corporation
with **Jeremiah A. Henderson, III** as its President.  (Complaint at
¶ 8, ECF No. 1; Hawaii Department of Commerce & Consumer Affairs,
last visited June 13, 2025, https://hbe.ehawaii.gov/documents/
business.html?fileNumber =309312D1).

**Plaintiff MP Unit 21, LLC** is a limited liability company
with its principal place of business in Hawaii.  (Complaint at ¶
9, ECF No. 1).

The sole member of MP Unit 21, LLC is J. Henderson
Enterprises, LLC.  (Incumbency Certificate for MP Unit 21, LLC,
attached as Ex. 1 to Pl.'s Response, ECF No. 47-2).  The members

4

of J. Henderson Enterprises, LLC are:

    (1)    The Jeremiah A. Henderson III Family Protection Trust whose Trustees are Fox Reynolds Henderson and Premier Trust, Inc. (Certificate of Irrevocable Trust, attached as Ex. 5 to Pl.'s Response, ECF No. 47-6).  Premier Trust Inc. is a Nevada corporation.  (State of Nevada Business Entity Portal, attached as Ex. 6 to Pl.'s Response, ECF No. 47-7).  Fox Reynolds Henderson is a citizen of Florida.  (Declaration of Fox Reynolds Henderson, attached to Pl.'s Response, ECF No. 47-8).

and

    (2)    The Jeremiah A. Henderson III Revocable Family Trust. (Incumbency Certificate for J. Henderson Enterprises, LLC, attached as Ex. 3 to Pl.'s Response, ECF No. 47-4).  The Trustee for The Jeremiah A. Henderson III Revocable Family Trust is Jeremiah A. Henderson, III. (Certificate of Revocable Trust, attached as Ex. 4 to Pl.'s Response, ECF No. 47-5).

According to the Complaint, **Jeremiah A. Henderson, III** is the ultimate beneficial owner of Plaintiff MP Unit 21, LLC. (Complaint at ¶ 9, ECF No. 1).

**Defendant Schulte Buildings Systems, Inc.** is a Texas corporation.  (Complaint at ¶ 10, ECF No. 1).

**ADDITIONAL PARTIES AT ISSUE:**

**Makai Ranch, LLC** is a limited liability company with its principal place of business in Hawaii.  (Incumbency Certificate for Makai Ranch, LLC, attached as Ex. 2 to Pl.'s Response, ECF No. 47-3).  Just as with MP Unit 21, LLC, the sole member of Makai Ranch, LLC is J. Henderson Enterprises, LLC, whose ultimate beneficial owner is **Jeremiah A. Henderson, III**.  (Id.)

**Rhino Steel Building Systems, Inc.** is a Texas corporation. (Declaration of Mat Brown, President of Rhino Steel Building Systems, Inc., attached to Def.'s Response, ECF No. 48-1; State of Texas Office of the Secretary of State File No. 151103300, attached to Def.'s Response, ECF No. 48-1).

**THE COMPLAINT'S ALLEGATIONS ARE DEPENDENT ON THE CONTRACT BETWEEN MAKAI RANCH, LLC AND RHINO STEEL BUILDING SYSTEMS, INC.:**

Plaintiff RCA Trade Center, Inc. and Plaintiff MP Unit 21, LLC are the owners of adjoining sets of four agricultural lots on the North Shore of Oahu. (Complaint at ¶¶ 1, 2, ECF No. 1). The lots are part of a larger development project called the Marconi Point Condominium Project ("Project"). (Id.)

Makai Ranch, LLC, who is not a named party in this case, is alleged to be the original developer of the Project. (Id. at ¶ 14).

Makai Ranch, LLC, and both Plaintiff RCA Trade Center, Inc. and Plaintiff MP Unit 21, LLC all have Jeremiah Henderson, III as their owner and/or representative. (Id. at ¶¶ 8-9, 27-28; Contract between Makai Ranch, LLC and Rhino Steel Building Systems, Inc., attached as Ex. A to Def.'s Motion to Dismiss, ECF No. 37-2).

Plaintiffs assert that in addition to Jeremiah Henderson, III, Michael Danhour is also a representative of Plaintiff RCA Trade Center, Inc. and Plaintiff MP Unit 21, LLC as well as Makai Ranch, LLC. (Id. at ¶¶ 27-28).

6

Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC acknowledge that they "share common ownership" with Makai Ranch, LLC, but maintain that they are separate legal entities. (Id. at ¶ 14).

Plaintiffs assert that in 2017, Makai Ranch, LLC, through its representative Jeremiah Henderson, III, contracted with Rhino Steel Building Systems, Inc. for the design and purchase of all eight of the steel building systems that are alleged to be defective. (Id. at ¶ 15).

Plaintiffs assert that Defendant Schulte Building Systems, Inc. manufactured all of the steel buildings on behalf of Rhino Steel Building Systems, Inc. (Id. at ¶¶ 3-4, 17).

Plaintiffs claim that construction of one of the buildings started in 2017 but by June 2021 the building material had been destroyed by corrosion and oxidation. (Id. at ¶ 25). Plaintiffs claim that they had to purchase replacement parts to complete construction of the first warehouse but that they could not complete construction of the remaining seven warehouses. (Id. at ¶¶ 26, 49, 50, 51). This dispute is the subject of the arbitration currently taking place in Texas.

**ARBITRATION BETWEEN MAKAI RANCH, LLC AND RHINO STEEL BUILDING SYSTEMS, INC.:**

Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC assert that in June 2022, Makai Ranch, LLC and Rhino Steel Building Systems, Inc. agreed to arbitrate claims regarding the alleged

manufacturing and design defects in the steel buildings.

Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC claim that neither they nor Defendant Schulte Building Systems, Inc. are parties to the contract entered into between Makai Ranch, LLC and Rhino Steel Building Systems, Inc.  (Id. at ¶ 43). Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC argue that they are not bound to submit any claims to the arbitration. (Id.)

**PARTIES IN THIS LAWSUIT:**

On February 16, 2024, Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC filed the lawsuit in this case against Defendant Schulte Building Systems, Inc.  (ECF No. 1).

On November 25, 2024, Defendant Schulte Building Systems, Inc. filed a Motion to Dismiss, Or To Compel Arbitration, Or To Stay Proceedings.  (ECF No. 37).

Following briefing, on February 5, 2025, the Court issued a Minute Order requesting additional briefing on subject-matter jurisdiction and Fed. R. Civ. P. 19, to clarify Plaintiffs' citizenship and the questions raised concerning the common ownership among the Parties.  (ECF No. 46).

In the briefing on subject-matter jurisdiction, the Parties agree that there is complete diversity between the Parties and non-Parties Makai Ranch, LLC and Rhino Steel Building Systems, Inc. regardless of whether they are required to be joined.  (ECF

8

Nos. 47, 48).  The Parties continue to dispute whether Makai
Ranch, LLC and Rhino Steel Building Systems, Inc. are necessary
parties pursuant to Fed. R. Civ. P. 19.

   The Parties agree that Jeremiah Henderson, III is the
ultimate beneficiary of both Plaintiff RCA Trade Center, Inc. and
Plaintiff MP Unit 21, LLC, and that he also signed the contract
with Rhino Steel Building Systems, Inc. as the representative of
Makai Ranch, LLC.  (Contract attached as Ex. A to Def.'s Motion
to Dismiss, ECF No. 37-2).

   Despite the commonality of Jeremiah Henderson, III and
Michael Danhour being the representatives of both Makai Ranch,
LLC and the two Plaintiffs RCA Trade Center, Inc. and MP Unit,
LLC, here Plaintiff RCA Trade Center, Inc. and Plaintiff MP Unit,
LLC argue that they should not be subject to the contract between
Makai Ranch, LLC and Rhino Steel Building Systems, Inc. signed by
Jeremiah Henderson, III.

## STANDARD OF REVIEW

   The Federal Arbitration Act provides that "a contract
evidencing a transaction involving commerce to settle by
arbitration a controversy thereafter arising ... shall be valid,
irrevocable, and enforceable, save upon such grounds as exist at
law or in equity for the revocation of any contract."  9 U.S.C. §
2.

   The Federal Arbitration Act applies to any written provision

to arbitrate disputes in a contract arising out of a transaction involving interstate commerce.  9 U.S.C. § 2; <u>Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983). The Federal Arbitration Act reflects a liberal federal policy favoring arbitration agreements.  <u>Gilmer v. Interstate/ Johnson Lane Corp.</u>, 500 U.S. 20, 25 (1991) (quoting <u>Moses H. Cone Mem'l. Hosp.</u>, 460 U.S. at 24).

Pursuant to the Federal Arbitration Act, parties to an arbitration agreement may seek an order from the District Court to compel arbitration.  9 U.S.C. § 4.  The Federal Arbitration Act mandates that District Courts "shall" direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been agreed.  <u>Dean Witter Reynolds Inc. v. Byrd</u>, 470 U.S. 213, 218 (1985).

## **ANALYSIS**

The case arises out of the agreement to construct steel buildings on agricultural plots of real property on the North Shore of Oahu.

The Parties agree that this Court has subject-matter jurisdiction over the matter pursuant to diversity jurisdiction.

The Parties agree that non-parties Makai Ranch, LLC and Rhino Steel Building Systems, Inc. are currently engaged in a binding arbitration regarding the purchase and construction of the steel buildings that are at issue in this case.

Makai Ranch, LLC and Rhino Steel Building Systems, Inc. entered into a contract with regard to the eight steel buildings that contained an arbitration provision, as follows:

> Arbitration: Buyer [Makai Ranch, LLC] and Seller [Rhino Steel Building Systems, Inc.] agree that in the event of any disputes from this transaction whether in contract or tort, Buyer and Seller shall submit all matters to final and binding arbitration.  The parties designate American Arbitration Association as the arbitrator to conduct any hearings in Dallas, Texas. The prevailing party in the arbitration shall be awarded their costs and attorney's fees.

(Contract at ¶ 23, attached as Ex. A to Def.'s Motion to Dismiss, ECF No. 37-2).

The question in this case concerns whether Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC, who are non-signatories to the contract, may be compelled to arbitrate their claims given: (1) their commonality of ownership and representation with Makai Ranch, LLC, (2) their role as beneficiaries to the contract as the current land owners, and (3) the express agreement to arbitrate "any disputes from this transaction" governing the eight steel buildings at issue.

## I.    Choice Of Law

The Court must apply ordinary state—law principles that govern the formation of contracts to determine if a valid arbitration agreement exists.  <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 944 (1995).  A federal court sitting in diversity must apply the forum state's choice of law rules.

11

Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014). Pursuant to Hawaii law, the parties' choice of law provision in a contract governs so long as the chosen law shares a nexus with the parties or the contract. See Airgo, Inc. v. Horizon Cargo Transp., 670 P.2d 1277, 1281 (Haw. 1983).

The contract at issue contains a choice-of-law provision. A choice-of-law provision designates the appropriate law to be applied when addressing questions regarding a contract's formation, construction, and enforceability. See Hawaii Island Air, Inc. v. Merlot Aero Ltd., 2015 WL 675512, at *19 (D. Haw. Jan. 30, 2015).

Here, the contract at issue provides that the "Contract shall be governed by and construed according to the laws of the State of Texas." (Contract at ¶ 22, attached as Ex. A to Def.'s Motion to Dismiss, ECF No. 37-2). Texas is an appropriate choice-of-law given that the Seller in the contract, Rhino Building Systems, Inc., is a Texas corporation.

Texas law applies to determine whether Plaintiffs are subject to arbitration pursuant to the contract at issue.

## II. Non-Signatories To A Contract May Be Subject To Arbitration Pursuant To Texas Law

The Supreme Court of Texas ruled that under certain circumstances, principles of contract law and equity may bind a non-signatory to an arbitration agreement. In re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 738 (Tex. 2005).

Texas law has recognized several theories that may bind a non-signatory to arbitration agreements including equitable estoppel.  <u>Id.</u>

## A.  A Non-Signatory's Claims Based On An Underlying Contract May Be Subject To The Contract's Arbitration Provision

Under Texas law, a non-signatory may be compelled to arbitration if its claims are "based on a contract" containing an agreement to arbitrate.  <u>In re FirstMerit Bank</u>, 52 S.W.3d 749, 755 (Tex. 2001).  In <u>FirstMerit Bank</u>, the non-signatory plaintiffs sued the signatory defendant for, among other things, breach of warranty.  <u>Id.</u> at 752-53, 755.  The Texas Supreme Court ruled that by bringing the breach of warranty claims, the plaintiffs "subjected themselves to the contract's terms," including the arbitration provision.  <u>Id.</u> at 756.  The Texas Supreme Court reasoned that the non-signatory cannot seek to enforce certain terms of the agreement while seeking to avoid the arbitration provision.  <u>Id.</u>

## 1.  Plaintiffs' Cause of Action For Declaratory Relief Regarding The Contract Requires Examination Of The Contract

Here, Count I in the Complaint seeks declaratory judgment regarding the "written contract related to the Building System ...between Rhino and Makai Ranch."  (Complaint at ¶ 60, ECF No. 1).  Count I requires analysis of the contract at issue.

Plaintiffs cannot seek court review of the contract while ignoring that the contract requires that "any disputes from this transaction" be subject to arbitration.  (<u>See</u> Contract at ¶ 23, attached as Ex. A to Def.'s Motion to Dismiss, ECF No. 37-2).

Under Texas law, when a plaintiff's claim relies on interpretation of a contract containing an arbitration provision, the plaintiff's claims are subject to arbitration because the determination of liability requires analysis and reference to the terms of the contract.  <u>In re Weekley Homes, L.P.</u>, 180 S.W.3d 127, 132 (Tex. 2005).

Plaintiffs here cannot seek interpretation of the contract at issue in this Court while ignoring that the contract itself requires disputes regarding its terms to be subject to arbitration.  See <u>In re FirstMerit Bank</u>, 52 S.W.3d at 755.

### 2. Plaintiffs' Causes of Action For Breach Of Warranty Require Examination Of The Contract

Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC assert claims of breach of warranty in Counts III and IV of the Complaint as well as nonconformity and trade practices claims in Counts V and VIII against Defendant Schulte Building Systems, Inc.  The claims assert that the steel products that were manufactured by Defendant Schulte Building Systems, Inc. and sold by Rhino Steel Building Systems, Inc. to Makai Ranch, LLC were defective.

Plaintiffs' claims require examination of the contract

between Makai Ranch, LLC and Rhino Steel Building Systems, Inc. Specifically in Counts IV and V, Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC argue that Defendant Schulte Building Systems, Inc. breached the warranty of fitness for a particular purpose and that the products did not conform to the terms of the contract. (Complaint at pp. 27, 29, ECF No. 1).

Plaintiffs' claims are based on allegations that Defendant Schulte Steel Building Systems, Inc. had notice that Makai Ranch, LLC purchased the products from Rhino Steel Building Systems, Inc. for use "in a coastal location in the State of Hawaii." (Id. at ¶ 78). Plaintiffs' trade practices claim is also entirely dependent on the contract at issue. (Id. at pp. 32-35).

Again, Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC cannot assert causes of action based on the contractual relationship between Makai Ranch, LLC and Rhino Steel Building Systems, Inc. but ignore the mandatory arbitration provision. In re Kellogg Brown & Root, Inc., 166 S.W.3d at 741; In re FirstMerit Bank, 52 S.W.3d at 755.

Plaintiffs are seeking to benefit from the contract entered into by Makai Ranch, LLC while ignoring that the terms of the contract require any disputes related to it be subject to arbitration. Plaintiffs' own Complaint recognizes that their claims are made based on the underlying contract. Plaintiffs repeatedly reference the contract in their Complaint and their claims seek to rely on the agreement between Makai Ranch, LLC and

Rhino Steel Building, Inc.

   **B.    A Non-Signatory Who Seeks Enforcement Of Direct**
   **Benefits From A Contract May Be Subject To The**
   **Contract's Arbitration Provision**

Under a theory of equitable estoppel based on "direct benefits," a non-signatory plaintiff seeking to enforce terms of a contract is estopped from simultaneously attempting to avoid the contract's obligation to arbitrate disputes. In re Kellogg Brown & Root, Inc., 166 S.W.3d at 739-40.  The Texas Supreme Court has explained that if a non-signatory plaintiff asserts breach of warranty claims pursuant to a written contract, then the non-signatory plaintiff cannot avoid the arbitration provision within the contract. Id. (citing Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen, 206 F.3d 411, 416 (4th Cir. 2000)).

Here, just as in the equitable estoppel theory based on the terms of the contract, Plaintiffs are seeking a direct benefit from the contract.  Plaintiffs are asserting breach of warranty and other claims relying on the contract.  Specifically, Plaintiffs are arguing that the Defendant's products failed to meet the specifications of the contract and were not suitable for the location for the project.  (Complaint at pp. 27, 29, ECF No. 1).  Plaintiffs cannot avoid the arbitration provision within the contract while asserting a cause of action based on the underlying contract terms.

16

**C.    Principles Of Equity Require Plaintiffs To Arbitrate Their Claims In The Complaint**

Additional principles of equity may bind non-signatories to arbitration agreements, including agency, assumption, alter ego, and third-party beneficiary.  In re Kellogg Brown & Root, Inc., 166 S.W.3d at 739.

Here, there can be no dispute that Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC are beneficiaries to the contract at issue as the current land owners for which the eight steel structures were purchased.  Plaintiffs' own pleadings acknowledge that they are beneficiaries of the contract and share common ownership and representation with signatory Makai Ranch, LLC.

Plaintiffs assert that in 2017, Makai Ranch, LLC, through its representative Jeremiah Henderson, III, contracted with Rhino Steel Building Systems, Inc. for the design and purchase of the eight steel building systems for the land currently owned by Plaintiffs.  Makai Ranch, LLC, Plaintiff RCA Trade Center, Inc. and Plaintiff MP Unit 21, LLC have the same "ultimate beneficial owner" Jeremiah A. Henderson, III.  (Complaint at ¶¶ 9, 28, ECF No. 1).

Plaintiffs further acknowledge that Michael Danhour is also a representative of each of Plaintiff RCA Trade Center, Inc., Plaintiff MP Unit 21, LLC and Makai Ranch, LLC.  (Id. at ¶¶ 27-28).

Plaintiffs, as the current land owners where the steel structures are to be built, are seeking to directly benefit from the terms of the contract entered into by Jeremiah A. Henderson, III, while avoiding the contract's requirement to arbitrate any disputes concerning the purchase of the steel buildings and components. Principles of equity require Plaintiffs' Complaint to be subject to the arbitration provision in the contract given Plaintiffs' commonality of ownership and representation with Makai Ranch, LLC and their status as direct beneficiaries to the contract as the current land owners for which the buildings were purchased. The Court finds Plaintiffs RCA Trade Center, Inc. and MP Unit 21, LLC are subject to arbitration as non-signatories.

Defendant Schulte Building Systems, Inc., as the movant seeking to compel arbitration, concedes that it is subject to the arbitration provision set forth in the underlying contract.

Plaintiff RCA Trade Center, Inc., Plaintiff MP Unit 21, LLC, and Defendant Schulte Building Systems, Inc. are **COMPELLED TO ARBITRATION.**

Pursuant to Smith v. Spizzirri, 601 U.S. 472, 478-79 (2024), the case is **STAYED** pending arbitration pursuant to Section 3 of the Federal Arbitration Act. 9 U.S.C. § 3.

## CONCLUSION

Plaintiff RCA Trade Center, Inc., Plaintiff MP Unit 21, LLC, and Defendant Schulte Building Systems, Inc. are **COMPELLED TO**

**ARBITRATE** the Complaint (ECF No. 1) pursuant to paragraph 23 of the Contract, attached as Ex. A to Def.'s Motion to Dismiss, ECF No. 37-2.

The case is **STAYED** pending arbitration pursuant to Section 3 of the Federal Arbitration Act.

IT IS SO ORDERED.

DATED: June 17, 2025, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

RCA Trade Center Inc.; MP Unit 21, LLC v. Schulte Building Systems, Inc., 24-cv-00074 HG-WRP, **ORDER GRANTING DEFENDANT SCHULTE BUILDING SYSTEMS, INC.'S MOTION TO COMPEL ARBITRATION (ECF No. 37) AND STAYING THE CASE**